**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| JOSEPH ARENA,<br><br>Plaintiff,<br><br>v.<br><br>COINBASE GLOBAL, INC., ET AL.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 1:26-cv-12914-JEK |

**DEFENDANT PACKDRAW LIMITED'S**
**MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Pursuant to Fed. R. Civ. P. 12(b)(2), Defendant PackDraw Limited ("PackDraw") respectfully moves to dismiss the claims asserted against it in Plaintiff Joseph Arena's Complaint for lack of personal jurisdiction. Plaintiff alleges that PackDraw is a foreign limited company registered in Cyprus that owns and operates an online cryptocurrency gambling platform. (Compl. ¶ 19.) Plaintiff is a Massachusetts resident who alleges that approximately $500,000 in cryptocurrency was stolen from him by an unknown hacker, and who blames fourteen named defendants and the John Doe hacker for the theft and the laundering that followed. (*Id.* ¶¶ 6, 8.) As to PackDraw, the Complaint alleges only that—after the hacker routed the stolen funds through a succession of intermediary exchanges and instant-swap services—a portion of those funds was ultimately "dissipated" on PackDraw's website. (*Id.* ¶¶ 19, 156.) That conduct is the unilateral activity of a third party, occurring long after the subject cryptocurrency had any connection to Massachusetts or to the Plaintiff, and it cannot supply a constitutionally sufficient basis for haling a Cypriot company into court in this forum.

As set forth more fully in PackDraw's accompanying memorandum of law, Plaintiff cannot satisfy any of the jurisdictional requirements: he pleads no PackDraw conduct reaching

Massachusetts under the Massachusetts long-arm statute, M.G.L. c. 223A, § 3; no contacts approaching the "essentially at home" standard governing general jurisdiction; and no purposeful availment, relatedness, or reasonableness supporting specific jurisdiction.

PackDraw therefore respectfully requests that the Court dismiss it from this action with prejudice.

*/s/ Maya Ginga Ritchie*
David L. Ferrera (BBO# 631183)
dferrera@nutter.com
Maya Ginga Ritchie (BBO# 705397)
mgritchie@nutter.com
Nutter, McClennen & Fish, LLP
Seaport West, 155 Seaport Blvd.
Boston, Massachusetts 02210
Telephone: (617) 439-2000
Facsimile: (617) 310-9000

Joseph A. Meckes (*pro hac vice forthcoming*)
joseph.meckes@squirepb.com
Squire Patton Boggs (US) LLP
550 California Street, Suite 1100
San Francisco, CA 94104
(415) 954-0201

Dated: August 12, 2026

*Counsel for Defendant PackDraw Limited*

**LOCAL RULE 7.1(a)(2) CERTIFICATION**

I, Joseph Meckes, national counsel for PackDraw Limited, certify that I conferred with counsel for the Plaintiff, Liam Murphy, and attempted in good faith to resolve or narrow the issues raised in this motion.

*/s/Joseph Meckes*
Joseph Meckes

**CERTIFICATE OF SERVICE**

I certify that, on August 12, 2026, this document (filed through the ECF system) will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/Maya Ginga Ritchie*
Maya Ginga Ritchie

8205838